UPPER PECOS ASSOCIATION, a New Mexico non-profit corporation, Individually and on behalf of its members, Plaintiff,

v.

Maurice H. STANS, Individually and as Secretary of Commerce of the United States, et al., Defendants.

Civ. No. 8799.

United States District Court,
D. New Mexico.

Nov. 26, 1973.

James B. Alley, Jr., Mitchell, Mitchell & Alley, Santa Fe, N. M., for plaintiff.

Victor R. Ortega, U. S. Atty., Mark B. Thompson III, Asst. U. S. Atty., Albuquerque, N. M., Millard K. Neptune, Regional Director, Southwestern Region, Economic Development Administration, Austin, Tex., for defendants.

## MEMORANDUM OPINION

MECHEM, District Judge.

This case was remanded to the United States District Court for the District of New Mexico for the limited purpose of determining the issue of mootness.

The issue as stated in Defendants' Memorandum in Support of the Motion to Dismiss for Mootness is whether the decision of the United States Department of Commerce, Economic Development Administration (EDA) to prepare an environmental impact statement under the Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq., (NEPA) prior to disbursement of the previously approved grant renders this case moot. The position of the Plaintiffs is that the filing and consideration at this point of an environmental impact statement does not cure the prior defect. They contend

that the grant must be voided ab initio requiring the application for the Elk Mountain Road Project to be considered in relation to other projects currently competing for the limited available funds.

The issue required to be decided in order to determine whether the case is now moot is a narrow one: whether the EDA having completed its environmental impact statement on the Elk Mountain Road Project must void its initial grant for the Project and reconsider the application in competition with current applications. If answered in the negative, the case is moot.

An exhaustive search has failed to uncover any cases directly bearing on this question. In at least one case the disbursement of funds was challenged but apparently the only remedy sought was the filing of an environmental impact statement prior to disbursement of previously committed funds. Proetta v. Dent, 484 F.2d 1146 (2d Cir., 1973). In similar cases the usual remedy sought was enjoining construction, which sometimes required enjoining disbursement of funds, but voiding the grant of funds was never raised. H–3 Association v. Volpe, 4 ERC 1684 (D.C.Hawaii, 1972); Lathan v. Volpe, 350 F.Supp. 262 (D.C. Wash., 1972).

■■ The history of NEPA is not particularly helpful in determining the intent of the NEPA in this context. It is fairly well established that the Act was not intended to be applied retroactively except insofar as a project begun before passage of the NEPA required major federal action after the Act's inception. San Francisco Tomorrow v. Romney, 342 F.Supp. 77 (D.C.Cal., 1972). It has also been established that in weighing the effects of the Project on the environment with the benefits to be derived from the Project, a proper consideration is the stage of the construction. Arlington Coalition v. Volpe, 458 F.2d 1323 (4th Cir., 1972). At the time the Elk Mountain Road grant was approved, the NEPA was in effect. Nevertheless it was not clear which federal agency would be required to prepare the environmental impact statement when two agencies were involved in the Project. See the earlier opinion in this case at 328 F.Supp. 332 (1971). It could be argued that since projects begun before and to be completed after the NEPA was passed were not voided but merely held in abeyance until completion and consideration of an environmental impact statement, the same application should be made here. There is a distinct practical difference, however, between these two situations. There is no alternative to halting a project where the federal action is the construction whereas a grant of funds may be voided rather than held in abeyance.

■ Perhaps the fatal flaw in the plaintiff's position is that it rests on an unsubstantiated conclusion. Plaintiffs ask this court to conclude that the EDA is incapable of weighing impartially the environmental effects of the Project and the advantages gained by its completion. It does appear possible that the Project will be considered somewhat differently than it was originally when it was compared with several other projects all of which were competing for the same funds. I find, however, nothing in the wording or intent of the NEPA which would require the application in question to be considered again in competition with other applications nor do I find it inconceivable that the EDA would recommend against funding this particular Project in light of the newly presented environmental evidence.

The EDA has prepared a final environmental statement which was filed in Albuquerque on August 16, 1973. The record indicates that the EDA will reconsider the grant of funds to the Elk Mountain Road Project in light of this statement. There is no requirement that the application for funding be reconsidered in competition with other applications. For these reasons I find that the case is moot.